# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JANUARY 20, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0090-WC

TINA SPURGEON          APPELLANT

ON APPEAL FROM COURT OF APPEALS
NO. 2020-CA-1218
WORKERS' COMPENSATION BOARD
NO. WC-16-73666

V.

MASTERSONS CATERING;          APPELLEE
HONORABLE JEFF V. LAYSON,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

This case is before the Court on appeal as a matter of right[1] by Tina Spurgeon, the Appellant. Spurgeon challenges the application of KRS 342.730(4) to her award of total, permanent disability. Her first argument is the ALJ erred by applying the statute retroactively. Her second argument is the statute violates the Contracts Clause of the Federal Constitution. Finally, she argues the statute is an exercise of arbitrary power, violating Section 2 of Kentucky's Constitution. For the following reasons, we affirm the Court of Appeals which upheld the retroactive application of the statute.

---

[1] Ky. Const. § 115.

Tina Spurgeon suffered a work injury on May 14, 2016. The current version of KRS 342.730(4) became effective on July 14, 2018. Spurgeon did not file her claim until July 26, 2019. We have already held the current version of KRS 342.730(4) is retroactive to all workers' compensation claims that were not "fully and finally adjudicated . . . as of the effective date of this Act." *Holcim v. Swinford*, 581 S.W.3d 37, 44 (Ky. 2019) (internal quotation and citation omitted). The *Holcim* case is dispositive of this issue. Either Spurgeon's case was not fully adjudicated when KRS 342.730(4) was passed, or she filed her claim after passage of the statute thereby mooting her argument against retroactive application. In either case, we need not address the issue further.

As for her claim that her workers' compensation award was a vested right that the General Assembly may not interfere with, we have recently settled this issue in *Cates v. Kroger*, 627 S.W.3d 864 (Ky. 2021). Although the right to workers' compensation benefits does vest at the moment of injury,

> [t]he same vesting principle does not apply to the duration and amount of [her] income benefits, as the date of injury only controls the law entitling a claimant to compensation. 'A right, in order to be vested (in the constitutional sense) must be more than a mere expectation of future benefits or an interest founded upon an anticipated continuance of existing general laws.'

*Id.* at 873 (internal citation omitted). The reasoning of *Cates* applies to Spurgeon. We need not address the issue further.

Finally, Spurgeon's argument that KRS 342.730(4) is an arbitrary exercise of power is identical with her argument that it can't be applied retroactively without violating the Contracts Clause. "We find here no arbitrary

2

exercise of legislative authority in the retroactive application of [KRS 342.730(4)]." *Cates*, 627 S.W.3d at 871.

Because our recent decisions in *Holcim* and *Cates* are dispositive of all the issues presented in this case, we affirm the Court of Appeals.

All sitting. All concur.


COUNSEL FOR APPELLANT:
Wayne C. Daub


COUNSEL FOR APPELLEE:

Joseph C. Klausing
Brent E. Dye
O'Bryan, Brown & Toner, PLLC

Administrative Law Judge

Jeff V. Layson

Workers' Compensation Board

Michael Wayne Alvey,
Chairman